I hereby attest and certify 3/24/15
that the foregoing document is full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

dts
_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-219-DSF (KK) | | Date | March 24, 2015 |
|---|---|---|---|---|
| Title | Byron LaMonte Wattree v. Matthew Cates et al. | | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:**   **Order Directing Service of Process of Subpoena Duces Tecum by the United States Marshal**

    Plaintiff Byron LaMonte Wattree ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, has filed the instant civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint ("FAC"), which asserts Eighth Amendment deliberate indifference claims against numerous prison officials at Ironwood State Prison ("ISP") in Blythe, California. (ECF Docket. No. ("dkt.") 7). The FAC arises from allegations the defendants transferred Plaintiff to the Sensitive Needs Yard at the California Institution for Men prison facility in Chino, California. (Id.). Plaintiff claims the defendants disregarded a substantial risk of harm to Plaintiff from other inmates at the facility, when arranging the transfer. (Id.). As a result, the FAC claims Plaintiff was stabbed by another inmate in the facility in September 2012. (Id.).

    On December 3, 2014, Plaintiff filed a "Civil Subpoena in a Civil Case" ("Subpoena"). (Dkt. 33). In the Subpoena, Plaintiff requested that the Court order the Internal Affairs Bureau of the California Department of Corrections and Rehabilitation ("Internal Affairs Bureau") to produce any and all documents related to its investigation of his transfer (alleged to have taken place in November 2011). (Id.). On December 3, 2014, the Subpoena was issued by the Deputy Clerk of this Court. (Id.).

    On February 6, 2015, Plaintiff filed a document with the Court stating he had sent the Subpoena to the U.S. Marshal for service of the Subpoena on the Internal Affairs Bureau. (Dkt. 43). Presumably because the Internal Affairs Bureau is located in Sacramento, California, the U.S. Marshal informed Plaintiff he had to submit the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-219-JGB (KK) | Date | March 24, 2015 |
|---|---|---|---|
| Title | Byron LaMonte Wattree v. Matthew Cates et al. | | |

Subpoena to the U.S. Marshal's office in the U.S. District Court for the Eastern District of California in Sacramento, in order to procure service of the Subpoena. (Id.). The U.S. Marshal also appears to have instructed Plaintiff to either arrange to pay the U.S. Marshal's office in Sacramento, or to file a request with the Court to waive fees for service of the Subpoena. (Id.). On March 5, 2015, complying with the U.S. Marshal's instructions, Plaintiff filed a request for the Court to waive the U.S. Marshal's fee for service of the Subpoena. (Dkt. 46).

The Court construes Plaintiff's request to waive the U.S. Marshal's fee for service of the Subpoena as a request for the Court to direct the U.S. Marshal to serve the Subpoena on the Internal Affairs Bureau.

As Plaintiff is proceeding *pro se* and *in forma pauperis*, he is entitled to service of the subpoena by the United States Marshal. *See* 28 U.S.C. § 1915(d); *James v. Scribner*, No. 1:04-CV-5878 LJO-DLB-P, 2008 WL 3318879, at *1 (E.D. Cal. Aug. 11, 2008). However, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-CV-05104-DLB-PC, 2008 WL 5213414, at *1 (E.D. Cal. 2008). "Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information." *Alexander v. California Dep't of Corr.*, No. 2:08-CV-2773 MCE-KJN-P, 2010 WL 5114931, at *3 (E.D. Cal. Dec. 9, 2010). A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See Davis v. Ramen*, No. 1:06-CV-01216-AWI-SKO-PC, 2010 WL 1948560, at *1 (E.D. Cal. 2010).

Here, Plaintiff has requested that the Internal Affairs Bureau produce any and all documents related to its investigation of his transfer—the event giving rise to the FAC's claims. These documents are highly relevant, clearly identified, and do not appear unduly burdensome for the Internal Affairs Bureau to produce. Furthermore, the Internal Affairs Bureau is the custodian of the documents. Service of the Subpoena by the U.S. Marshal on the Internal Affairs Bureau is thus warranted. *See Alexander*, 2010 WL 5114931, at *3 (E.D. Cal. Dec. 9, 2010).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-219-JGB (KK) | Date | March 24, 2015 |
|---|---|---|---|
| Title | Byron LaMonte Wattree v. Matthew Cates et al. | | |

Accordingly, it is HEREBY ORDERED that:

1. The United States Marshal is authorized to proceed with service of process of the Subpoena without payment of the costs of service.

2. Pursuant to Federal Rule of Civil Procedure 45(a)(4), the parties are placed on notice that a subpoena duces tecum to the Internal Affairs Bureau of the California Department of Corrections and Rehabilitation has been issued and shall be served by the United States Marshal.

IT IS SO ORDERED.