UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-219-JGB (KK) | Date | June 10, 2015 |
|---|---|---|---|
| Title | Byron LaMonte Wattree v. Matthew Cates et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:**     **Order Denying Plaintiff's Motion to Compel [Dkt. 51]**

# I.
# PROCEDURAL HISTORY

Plaintiff Byron LaMonte Wattree ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, has filed the instant civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint ("FAC"), which asserts Eighth Amendment deliberate indifference claims against numerous prison officials at Ironwood State Prison ("ISP") in Blythe, California. (ECF Docket. No. ("dkt.") 7). The FAC arises from allegations the defendants transferred Plaintiff to the Sensitive Needs Yard at the California Institution for Men prison facility in Chino, California. (Id.). Plaintiff claims the defendants disregarded a substantial risk of harm to Plaintiff from other inmates at the facility, when arranging the transfer. (Id.). As a result, the FAC claims Plaintiff was stabbed by another inmate in the facility in September 2012. (Id.).

On December 3, 2014, Plaintiff filed a "Civil Subpoena in a Civil Case" ("Subpoena"). (Dkt. 33). In the Subpoena, Plaintiff requested the Court order the Internal Affairs Bureau of the California Department of Corrections and Rehabilitation ("CDCR")—a party not named as a defendant in this action—to produce any and all documents related to its investigation of his transfer (alleged to have taken place in November 2011). (Id.). The Subpoena was directed to the Internal Affairs Bureau's address in Sacramento, California. (Id.). On December 3, 2014, the Subpoena was issued by the Deputy Clerk of this Court. (Id.). On March 24, 2015, the Court directed service of the subpoena on the Internal Affairs Bureau in Sacramento by the U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-219-JGB (KK) | Date | June 10, 2015 |
|---|---|---|---|
| Title | Byron LaMonte Wattree v. Matthew Cates et al. | | |

Marshal. (Dkt. 47).

On May 5, 2015, CDCR filed Objections to the Subpoena, claiming it is procedurally deficient, places undue burden and expense upon the responding party, and seeks privileged information. (Dkt. 48).

On May 21, 2015, Plaintiff filed a Motion to Compel CDCR to Respond to the Subpoena, contending CDCR's objections to the Subpoena are meritless. (Dkt. 51). On June 8, 2015, CDCR filed an Opposition to Plaintiff's Motion, asserting, *inter alia*, that the Court lacks jurisdiction over the instant Motion under Federal Rule of Civil Procedure 37(a)(2). (Dkt. 52).

## II.
## DISCUSSION

Federal Rule of Civil Procedure 37 governs motions to compel discovery. In particular, Rule 37(a)(2) provides that "a motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2).

Here, Plaintiff's instant Motion requests that CDCR be compelled to produce the documents noted in the Subpoena. See Mot. at 1. Because CDCR is not a party to this action, under Rule 37(a)(2), Plaintiff's Motion must be made in "the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). The Subpoena requests the production of documents in the custody of the CDCR Internal Affairs Bureau, which is located in Sacramento, California. Thus, because Sacramento falls within the *Eastern* District of California, the Court cannot consider the instant Motion. See Todd v. Lamarque, No. C 03-3995 SBA, 2008 WL 2095513, at *4 (N.D. Cal. May 16, 2008) (noting Rule 37(a)(2) required a prisoner to file a motion to compel non-party CDCR to comply with subpoena in the U.S. District Court for the Eastern District of California).

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion to Compel CDCR to Respond to Subpoena is **DENIED**.

IT IS SO ORDERED.